SCHEIT, Appellant, vs. DUFFY and others, Respondents.

*December 5, 1945—January 8, 1946.*

The cause was submitted for the appellant on the briefs of *J. Elmer Lehr,* attorney, and *Adolph G. Schwefel* and *William Kay* of counsel, all of Milwaukee, and for the respondents on the brief of *Lorenz & Neubauer* of Milwaukee.

FAIRCHILD, J. The question is whether the testimony, construed most favorably to the plaintiff, requires the submission of the issue to the jury.

The plaintiff alleges a conspiracy to evict him from his home. In order to prevail, he must produce testimony that defendants acted in concert and jointly assented to prosecution of the unlawful enterprise. "Disconnected circumstances, any one of which, or all of which, are just as consistent with a lawful purpose as with an unlawful undertaking are insufficient to establish a conspiracy." 15 C. J. S., Conspiracy, p. 1047, sec. 30, and cases there cited. Although, of necessity, a finding of conspiracy may be inferred from established facts and circumstances, there must be some basis on which a finding of the conspiracy may rest. There must be more than a mere suspicion or conjecture. *Boyce v. Independent Cleaners, Inc.* (1932), 206 Wis. 521, 240 N. W. 132.

The evidence on which plaintiff relies is as follows: In May, 1943, a sister of the plaintiff's wife took the rent money to the Duffys and was told by Mrs. Duffy that she would have the Scheit family out before the end of the year if it took her money to do it. On June 21st, defendants Duffy served a thirty-day notice to quit upon plaintiff. When plaintiff refused to comply with the notice, proceedings were abandoned. In July, 1943, the Duffys transferred the premises to Mrs. Duffy's sister, Mrs. Hoerl, by warranty deed, reciting a consideration of $3,000. Two days later a certificate of stock of

the par value of $2,850 was assigned by Mrs. Hoerl to Mrs. Duffy and $150 in cash was paid. On July 26, 1943, Clara Hoerl petitioned the Office of Price Administration for a certificate of eviction on the theory that she was entitled to occupancy of the premises. On August 14, 1943, the certificate was issued and on October 7, 1943, Mrs. Hoerl gave notice to plaintiff requiring him to deliver up the premises November 21, 1943. Plaintiff then vacated the premises. Within a year, Mrs. Hoerl reconveyed the property to Mrs. Duffy for $3,000 cash. On June 19, 1944, the Duffys entered into a contract of sale of the premises to one Sierras for $6,500. There is no evidence showing that the conveyance of the premises to Mrs. Hoerl was not *bona fide;* consideration passed and Mrs. Hoerl occupied the house for eight months. There is evidence that a garage tenant continued to put his rent check of $3 per month in the Duffys' mailbox, but there is no evidence that the sum was not transferred to Mrs. Hoerl. A tax bill for the premises was also addressed to defendant Duffy and paid to the department of taxation although it does not appear who made the payment.

After a careful examination of the evidence the trial court concluded, and we agree with the conclusion, that there is no evidence sufficient to sustain a finding of conspiracy. All of the acts of defendants are consistent with a lawful motive. There is no evidence which shows concert of purpose or malicious motive. There is no evidence to connect Mrs. Hoerl in any way with an unlawful purpose to aid Mrs. Duffy to evict the plaintiff. The fact that she was able to buy the house at a price below the market value; that she then resold the house at the same price, when the premises were unsatisfactory to her needs, does not show an unlawful concert of action.

*By the Court.*—Judgment affirmed.